Counsel, I think you both know this microphone does not amplify, it only records a few seconds. Please proceed, you do not have to use your whole 20 minutes, either one of you, if you don't want to. I'll do my best. May it please the court, again my name is Andrew Moore here on behalf of Cheryl Coger. This is a bit of an unusual case in the fact that Ms. Coger was originally arrested and charged with possession with intent to deliver heroin to an undercover officer. The officer testified that he received three packets of a uniform substance. For $10 each. Then after forensic tests showed that the substance tested positive for heroin and cocaine, the state added an additional charge of possession with intent to deliver. For all intents and purposes, from what we can tell, the indistinguishable uniform powder was one. And am I correct that she received no additional sentence on the cocaine, is that correct? Oh, correct. They were concurrent. As I read the minimus, it didn't even say same sentence concurrent, it just said no sentence. And I don't think that matters. I would argue that it doesn't, just particularly because it's on her record. Right, it's a second conviction. Correct. I intend on arguing both issues. I was going to start with the first issue, but we can proceed with the one act, one crime issue since we've already started with that. So, let's see. Again, she was initially charged with one charge and then it tested positive, which is unusual. And that's kind of one of the main issues with this case is why is the substance testing positive for cocaine and heroin? It kind of calls into question in our minds that whether or not the chain of custody was solid, whether there was contamination along the way. There's just really no explanation as to why it would test positive for that. How do you distinguish? I don't know how to pronounce it. That's what I've been saying in my head. I would say that that case is mainly a search and seizure case. Ultimately, I believe that it was incorrectly ruled upon. In that case, the court didn't look past the plain language of this amendment in question, which basically just allows for multiple convictions for multiple types of controlled substances. And our contention is that if you look, actually look into the statute, the statute defines a substance such as this as a single substance. So politely, you are really saying in answer to Justice Griffin's question that we can't distinguish it. It's just wrong. It's distinguishable on some counts. For one, Ms. Cogar was charged under Section 401D of the Controlled Substance Act. In that case, the defendant was charged under Sections 401A6 and A7, which are distinct. They're different. But they have the same language, substance containing. The thing about Section 401D is it adds an additional level beyond what the others do. So Section 401D allows for conviction of possession of a Schedule I or II controlled substance or an analog thereof, which is a narcotic drug. And then if you look at the definition of a narcotic drug, it specifically defines the mixture of cocaine and heroin as a single narcotic drug. Also, the preamble for Section 401 has the wording, for the purposes of this act, the controlled substance analog shall be treated in the same manner as a controlled substance. So logically speaking, reading Section 401D, I don't think the or in that is inclusive. It's an exclusionary or, meaning you can charge for the controlled substance or an analog thereof, which is a narcotic drug, which is what we have in this case. And really like common sense wise, our contention is that the statute doesn't allow for this. But also, if you think about this common sense wise, it just doesn't really make sense. The best example I can think of would be like if you have a cake, a cake is typically made with flour, eggs, sugar, butter. You mix those up, bake it, you have a cake. You no longer have, you no longer possess flour, you possess a cake. And if you, you know, submit this cake through advanced scientific testing, it would test positive for the presence of flour, but it would be quite a stretch to say that you still possess flour. In this case, you've got a uniform substance. You can't use the heroin and the cocaine separately. And just based on the definitions and the statutes, we would argue that this is a single substance. Therefore, that amendment doesn't apply, which then brings the case back to people versus manning. In one act, one crime applies. So with this issue specifically, we would just ask that this court look at the statute and reverse one of Mr. Silver's convictions under Section 401D. The other issue that we are arguing is that this case should be remanded for a new trial because of the complete breakdown in the chain of custody over the narcotics evidence presented at trial. And as we just. Is there a real complaint that they didn't testify to the what do they call the identification number? That that's one of the issues here. So they can establish the chain of custody through the use of that unique identifier or through similar descriptions. And we're arguing that neither happened here. What about the initials are assigned? Wouldn't that be pretty unique and even better than a number which could be this written? I would argue that this court has already ruled that initials on an evidence bag such as this isn't sufficient. And people versus Blankenship, the court in that case held that even though the forensic scientist testified, you know, my initials are on the bag. The officer testified. My initials are on the bag. The case numbers on the bag, particularly in instances as this where there's lots of evidence coming from the officer, lots of evidence going through the desk of the forensic scientist. Just that person's initials on the bag isn't sufficient. You need to get a fire to ensure a complete breakdown in the chain of custody. Why always had there been an objection in Blankenship? Blankenship, that ultimately came down that the court showed, or the court ruled that the chain of custody was completed through the use of similar descriptions. But they did rule that, or they did hold that it wasn't established through the use of the unique. But they didn't say that's a complete, which is what you have to show here. A complete breakdown in the chain of custody. Right. And there's nothing in Blankenship that suggests that initials, the use of initials or reliance on initials demonstrates a complete breakdown in the chain of custody. Is there? There's nothing in Blankenship that says that. Specifically regarding the complete breakdown in the chain of custody, People v. Woods holds that if the error reaches plain error, which it needs to be a complete breakdown in the chain of custody. And there was no objection here, correct? Correct. But distinguishing this case from cases of Woods, Escobar, and also there wasn't, there also wasn't a stipulation to the forensic science testimony, which I believe it's Woods or also goes into detail on how stipulating to the evidence kind of provides another layer of waiver, which, but in this case that that didn't happen. So, yeah, going back to the unique identifier, the forensic scientist did not testify that he received a package in a sealed condition and it contained this unique identifier, which People v. Johnson holds that two things have to be met in order to establish chain of custody with unique identifier. And that's both ends of the chain testifying sealed condition and the use of this number or whenever the unique identifier is. In this case, the state is arguing that it was the evidence number. And similar or further, the state did not establish the chain of custody through a similar description. There's really no description of this evidence on the record. The officer doesn't say what he did with the evidence. He merely testifies. I processed it using the procedures that Chicago Police Department use. We don't know if these packets were put into an envelope and then into the evidence bag. And then when we get to the forensic scientist, there's not even a basic description of what he tested. The only thing that we can deduce from his testimony is that there was three items that he tested, which is an overly common number that could run across his desk. And specifically with similar descriptions, like going back to Blankenship in that case, the officer testified when he received the evidence in his hands that it's substantially similar to what left my hands, aside from the fact that there are larger chunks of cocaine that were broken up. And then the forensic scientist is on the stand and says, in order to test this evidence, I had to break up larger chunks of cocaine. So there's really something there on both ends that we can link this chain back up with, you know, with some confidence. Another thing that I would like to point out just quickly is the case people versus Howard, where this court, it's a similar instance where the state would like you to say, well, the forensic scientist had the evidence in his hand. So therefore, we can assume that he has the same evidence he tested. But in people versus Howard, this court held that the state's burden to establish that procedure. This court can assume what's not on the record and assume that, you know, that the evidence says what the state claimed it said. And further, in that case, the court pointed out that the state could have supplemented the record with the evidence bag, which we don't have in this case. So wrapping up, we would just, unless there's any further questions. Yeah, I do. I want to know, how would this case be different if the defendant possessed three items, two containing heroin and one containing cocaine? How would this be different from your standpoint on that issue? Arguably, those, it kind of depends on a few things. But on its face, you could argue that those are two separate substances where, in this case, we don't have anything to assume that they're anything but uniform. So it would be similar that if you have three bags of just cocaine, you can only get one conviction. You can aggregate the amounts of that cocaine to potentially get a larger class, but you wouldn't get multiple convictions out of it. So in your scenario, it would kind of depend on different circumstances, but it could be argued that those are distinct substances, and therefore the amendment to the Controlled Substance Act would apply. And on that issue, what do you believe the statute of review to be? The statute of? The statute of review on that issue. I believe since it's a purely legal issue, it should be de novo. It wasn't preserved below, so theoretically, you have to go through plain error to reach it. Or at least I don't recall that it was preserved below. But regardless, one act on crime issues are routinely reached through plain error as a violation of substantial rights. So I would argue that the review should be just straight de novo as it's a purely legal issue. Just wrapping up, with regards to the chain of custody issue, we would ask this court to reverse and remand for a new trial. Not reverse outright, but reverse for a new trial. And with regards to issue two, reverse one of Ms. Cogar's convictions. Thank you, counsel. Good afternoon, Your Honors. Assistant State's Attorney, James Murphy, on behalf of the people of the state of Illinois, I anticipate my argument will take no more than ten minutes. We'll hold you to it. Thank you. Fairly, Your Honors, the state proved the foundation for the narcotics evidence before the trial court. The trial court heard testimony from the by-officer, how he obtained the evidence. He was shown People's Exhibit 1 in the trial court and testified to the matching inventory number that was viewed on the evidence and that that was the same bag in which he placed the narcotics in for this case. Similarly, the forensic scientist then testified. She was also shown People's Exhibit 1, which she testified was the exact same bag tested in this case. And that analysis led to a finding that the three bags contained heroin and cocaine. Then the evidence was admitted without objection. Your Honors, the key here is People's Exhibit 1. The trial judge saw the evidence as the witnesses testified to the inventory procedures and contents of People's Exhibit 1. It's outlandish to think that the chemist was required to repeat the inventory number that was visible on People's Exhibit 1 before the trial court. We still don't have the evidence here in the record, but it's clear that everyone in the trial court was able to see this evidence as it was testified to and then admitted without objection. As to defendant's argument regarding the One Act, One Crime issue, defendant's convictions for the delivery of cocaine and delivery of heroin do not violate this. Defendant even admits that Section 402 provides for multiple convictions based on simultaneous possession of distinct controlled substances. What about the men's ray issue? What in the record would indicate that the officer was buying cocaine? They used the street terms, low or whatever, that's heroin. Is there anything in the record that would indicate that there's knowledge of what was being sold? We submit to you here that the knowledge that the defendant had was the intent to transfer a controlled substance in violation of the Act. But you're saying she transferred two controlled substances. So where is the knowledge that she was transferring two controlled substances? Your Honor, the knowledge was for the controlled substance in general. Definitely a controlled substance, but you're charged her with two controlled substances. Where is the evidence that she had any knowledge she was transferring two controlled substances? We submit that it is a reasonable inference based on the facts of this case that defendant had that knowledge. Based on what? On defendant's initial request for the heroin and defendant's transferring of that. We submit to you that defendant had the intent shown to transfer both cocaine and heroin as was found in the analysis. Yeah, but the analysis showed both, but there's nothing looking at the substance. There's no, I mean, I don't see what you're pointing to. The inference comes from what? You can think about that, but she transferred a substance that contained, once it was analyzed, both heroin and cocaine. How in the world do you expect that Wersos to believe that she knew that, or that she knew that? We submit to you that the intent sufficient to support this was the intent to deliver a controlled substance, and it could be any controlled substance in violation of that Act. That's true for one controlled substance. We're going in circles, but you see where we're going. If there's two substances, then she's got to have an intent to transfer both of them if you're going to convict her of both of them. And I don't see where that evidence comes from. But let me ask a different question. She was charged with selling .949 of a gram, correct? Yes. A little under a gram. Yes. And that .949 contains both the cocaine and the heroin and whatever miscellaneous products are mixed in with those, right? Yes, Your Honor. So that's the weight she's charged with, correct? Yes. And she's charged with that same weight on the cocaine and then that same weight again on the heroin, correct? Correct, yes. But it is actually the charge is that it's delivery of less than one gram of controlled substance, and both of these controlled substances amount to less than one gram each. Okay. Even if you split, it's still under a gram. Yes, Your Honor. And the way the statute reads, it's a substance containing a controlled substance, correct? That's what she's charged with. Correct, Your Honor. And it's the same substance, the substance being what's in these little packets, that substance contains heroin and it contains cocaine, correct? Yes, Your Honor. But it's the same substance. It's the same little packet, right? Well, it is the same substance. We submit to you that here we have three separate packets, thus allowing for defendants multiple convictions based on the delivery of cocaine and heroin. Whoa, whoa, whoa, whoa, whoa. You're not charging her because there's three packets. You're charging her because each of those three packets contains cocaine and heroin, correct? Correct, Your Honor. It's not the example that Justice Walker asked about where you have two of them that contained cocaine and the third one that contained heroin. That's not what we have here, right? We have three packets and they all contain both, correct? That's correct, Your Honor. However, under the Act, that allows for defendants convictions for both heroin and cocaine based on the presence of both controlled substances among those three packets. And I'm glad it's your argument. While I have the exact same questions that Justice McQuinn just described today, I have the same concerns. I have another concern. The statute refers to distinct controlled substances. These are not distinct other than from having been tested at the lab. So it comes back to the same issue that's been raised by both justices, the issue of mens rea, and whether or not these are distinct substances. Sure, once they're tested, the lab was able to determine that this was no longer a cake, as counsel argued, that you've got flour and you've got other ingredients that go into a cake. It becomes a compound. It's no longer a mixture. Compounds are usually bound together. Mixtures usually can be separated. The problem here is that she's being charged with having two different substances, whereas they were all combined into one substance. And when the officer asked for the street terminology for heroin, the defendant never said, oh, I've got something better for you. That would have probably been the answer if the defendant has something that's basically heroin laced with cocaine is what it amounts to. I don't know how we get around the issue of two distinct substances. We submit to you that these substances can be considered distinct because through the testing, you reveal the presence, the distinguished presence, I say, of both heroin and cocaine among these three packets, thus allowing these substances to be seen as distinct from one another. This evidence unequivocally established that the defendant delivered three packets which contained heroin and cocaine. Because there are three separate packets here and they clearly contain distinguished heroin and cocaine, defendant's convictions do not violate the one act, one crime rule. Additionally, there was no testimony about anything else that was present in the packets. The defendant also makes arguments in the brief about an issue about weight. However, we submit that there is no weight difference that existed. There was no testimony about the weight that the by-officer obtained in the trial court. This is on the chain of custody. You're talking about the six-tenths of a gram. Yes, Your Honor. Yeah. That the defendant suggested that that undermined the chain of custody. Yes. However, this evidence was never before the trial court. Defendant has raised this issue based on citing to the police report and the common law record that the trial court was never able to view. In conclusion, Your Honor, we submit to you that for these reasons and those in our brief, we ask that you affirm defendant's convictions. Thank you. Thank you. And you did keep your ten minutes. Thank you, Your Honor. Thank you. Just very briefly, Your Honors, I just have two points of rebuttal. The state relies on inferences so that we can assume that, you know, the evidence said certain things that, again, look to People v. Howard. That case is very similar to this case. And it concludes that this court can't assume those types of things. With regards to the weight, I would just suggest that I do admit that the trial court did not have that evidence in front of them when they made their evidentiary determination. But they also didn't have a weight that confirmed that these substances were similar. There's just going back. I mean, that weight was an approximation done without any of the fancy equipment that they had at the lab that was in a police report, right? Yeah. The officer testified that he used the same scale that the entire force used. So my assumption is that it's semi-reliable. And certainly you guys are up here all the time saying we shouldn't rely on police reports, right? I don't hold you to that, but I'm just saying. Right. Just the absence, if we want to argue that the weight, we can't use the weight, but also the door swings the other way and that we don't have weights confirming that these substances were similar. And unless there's any other questions, that's the only points I have. Thank you both. I will take this under advisement. And I wish you would be forthcoming.